RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0288p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 13-4386

RAYMOND M. WELCH II,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:13-cr-00057-1—Dan A. Polster, District Judge.

Argued: October 8, 2014

Decided and Filed: December 5, 2014

Before: BOGGS and COOK, Circuit Judges; and QUIST, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Gregory Geist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Carmen E. Brown, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Gregory Geist, Melissa M. Salinas, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Kelly L. Galvin, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

_____

**OPINION**

_____

QUIST, District Judge.   Raymond Welch pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Welch appeals the district court's sentence, which included an enhancement pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  The district court held that Welch's previous Ohio conviction for attempted failure to comply with order or signal of police officer qualified as a "violent felony" under the ACCA, and sentenced Welch to the ACCA's 15-year mandatory minimum prison term.  For the following reasons, we affirm.

## I. BACKGROUND

Welch was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and entered into a plea agreement with the Government.  The Government subsequently withdrew the plea agreement upon receipt of the presentence report, which recommended that Welch be sentenced as an armed career criminal because he had three convictions for a "violent felony," as defined by the ACCA.  Following briefing from the parties, the district court issued a written opinion concluding that Welch's conviction in Ohio state court for attempted failure to comply with order or signal of police officer constituted a violent felony for purposes of the ACCA, and that Welch therefore had three convictions for a violent felony. The other two qualifying convictions were uncontested.  Welch subsequently entered a plea of guilty but preserved his right to appeal his sentence.  At sentencing, the district court overruled Welch's objection to sentencing him as an armed career criminal and sentenced Welch to the ACCA mandatory minimum of 180 months imprisonment.

## II. STANDARD OF REVIEW

This court reviews de novo the legal question of whether a prior conviction constitutes a violent felony under the ACCA.  *United States v. Hockenberry,* 730 F.3d 645, 663 (6th Cir. 2013).

## III. DISCUSSION

Under the ACCA, an individual who violates § 922(g)(1) and has three previous convictions for a violent felony is subject to a mandatory minimum penalty of 15 years imprisonment. 18 U.S.C. § 924(e)(1). The statute defines a violent felony as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B). The italicized portion of § 924(e)(2)(B)(ii) is known as the residual clause. Welch's prior conviction for attempted failure to comply does not have as an element the use, attempted use, or threatened use of physical force, nor is it burglary, arson, extortion, or a crime involving the use of explosives. Thus, the issue is whether Welch's conviction falls under the residual clause.

To determine whether an offense is a violent felony, we employ the "categorical approach" and "consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." *James v. United States*, 550 U.S. 192, 202 (2007) (emphasis in original). This requires consideration of how the offense would be committed in the "ordinary case," rather than how it might be committed in an unusual case. *Id.* at 208. An attempt offense, like a completed offense, constitutes a violent felony if it "presents a serious potential risk of physical injury" that "is comparable to that posed by its closest analog among the enumerated offenses." *Id.* at 203.

Welch pled guilty to attempted failure to comply with order or signal of police officer, a fourth-degree felony. The relevant statute makes it unlawful to "operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Ohio Rev. Code § 2921.331(B). A violation of the statute is a felony of the fourth degree if "in committing the offense, the offender

was fleeing immediately after the commission of a felony." *Id.* § 2921.331(C)(4). It is a felony of the third degree if the operation of the motor vehicle "was a proximate cause of serious physical harm to persons or property" or "caused a substantial risk of serious physical harm to persons or property." *Id.* § 2921.331(C)(5)(a).

Under Ohio law, a person is guilty of attempt if he "engage[s] in conduct that, if successful, would constitute or result in the offense." Ohio Rev. Code § 2923.02(A). An attempt to commit an offense "is an offense of the next lesser degree than the offense attempted." *Id.* § 2923.02(E)(1). Thus, Welch apparently pled guilty to attempt to commit the third-degree felony of failure to comply, which was thus reduced to a fourth-degree felony based on the attempt statute.

This court has previously held that a felony conviction under Ohio's failure-to-comply statute constitutes a predicate offense under the ACCA. *Hockenberry*, 730 F.3d at 671; *United States v. Yates*, 501 F. App'x 505, 514-15 (6th Cir. 2012). Welch argues, however, that attempted failure to comply does not constitute a violent felony because it requires only that an individual attempt to operate a motor vehicle. Welch asserts that the conduct associated with an attempt could be as minimal as sitting in a car with the key in the ignition and the engine off.

Welch's interpretation of the statute is inconsistent with its text. The statute requires that an individual elude or flee an officer *after* receiving a signal from the officer "to bring the person's motor vehicle to a stop." Ohio Rev. Code § 2921.331(B). Because an individual may violate the statute only if he receives a signal to stop his motor vehicle, it necessarily follows that the motor vehicle must have been in motion. This is true for an attempt as well as the completed offense. Even if the offender engaged in conduct that was unsuccessful and thus reduced the offense to an attempt, the offender still must have received a signal to bring his motor vehicle to a stop. An individual would not, in the ordinary case, receive and fail to obey a signal to "bring [his] motor vehicle to a stop" if he were simply sitting in it with the engine off and the key in the ignition.

In *Sykes v. United States*, -- U.S. --, 131 S. Ct. 2267 (2011), the Supreme Court held that a conviction under an Indiana statute prohibiting vehicle flight (even without any proof of harm to anyone or anything) constituted a violent felony, reasoning that "[s]erious and substantial risks

are an inherent part of vehicular flight." *Id.* at 2276. This court subsequently held that a conviction under Tennessee's vehicular-flight statute constituted a violent felony because "potential risks to officers *always* are present in vehicular-flight cases, even if actual risk of harm to third parties is not, as officers must eventually confront those who have already once intentionally disregarded their lawful authority." *United States v. Doyle*, 678 F.3d 429, 436 (6th Cir. 2012). Attempted failure to comply carries those same risks because it requires that an individual attempt to flout an officer's signal to stop a moving vehicle, thus creating a likelihood of confrontation between the offender and the officer.

Furthermore, the risks inherent in the offense to which Welch pled guilty are even greater than those involved in simple vehicular flight. Third-degree failure to comply requires that the offender's actions proximately caused serious physical harm to persons or property or caused a substantial risk of such harm. By pleading guilty to attempt to commit that offense, Welch admitted that his conduct—even were it insufficient to satisfy the completed offense—constituted a substantial step toward committing the offense in a way that caused serious harm or risk of such harm. Thus, the risks involved in this case are as great or greater than those discussed in *Sykes* and *Doyle*.

Finally, this court discussed the potential risks of physical injury inherent in a violation of Ohio's failure-to-comply statute in *Hockenberry*, 730 F.3d at 670-71, and *Yates*, 501 F. App'x at 512-15. Although those cases specifically addressed the fourth-degree felony, which requires vehicular flight after the commission of a felony, their reasoning is applicable here. An attempt to commit third-degree felony failure to comply, as a categorical matter, presents a serious potential risk of physical injury that is comparable to that involved in arson and burglary. The district court did not err in concluding that Welch's conviction for attempted failure to comply constitutes a violent felony under the ACCA, and thus properly sentenced Welch as an armed career criminal.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.